UNITED STATES DISTRICT COURT
WESTERN DISTRICT OF NORTH CAROLINA
CHARLOTTE DIVISION

| | |
|---|---|
| JAMES HITT, JR. | ) |
| PLAINTIFF | ) |
| v. | ) Case No.: |
| BECKMAN COULTER INC., | ) |
| DEFENDANT. | ) |

**PLAINTIFF'S COMPLAINT WITH DEMAND FOR INJUNCTIVE RELIEF AND DEMAND FOR JURY TRIAL**

Now comes the Plaintiff, JAMES HITT, JR. (hereinafter "Plaintiff" or "Hitt"), and files his Complaint against the Defendant, BECKMAN COULTER INC. (hereinafter "Defendant" or "Beckman") and says:

## NATURE OF THE CLAIMS

1. This is an action for monetary damages and injunctive relief, pursuant to the Age Discrimination in Employment Act 29 U.S.C. §§ 621, *et seq.* (hereinafter the "ADEA").

2. This action is to redress Defendant's unlawful employment practices against the Plaintiff, including Defendant's unlawful discrimination and wrongful termination of Plaintiff's employment based on his age.

## JURISDICTION AND VENUE

3. This Court has jurisdiction of the claims herein pursuant to 28 U.S.C. §§ 1331 and 1343, as this action involves federal questions regarding deprivation of Plaintiff's civil rights under the ADEA.

4. Venue is proper in this district pursuant to 28 U.S.C. §1391(b) because a substantial part of the events or omissions giving rise to this action, including the unlawful employment practices alleged herein occurred in this district.

## THE PARTIES

5. Plaintiff, Hitt, is a citizen of the United States, and was at all times material, a citizen of the State of North Carolina.

6. Defendant, Beckman, is and was at all times material hereto, a for-profit corporation doing business in this district

7. Plaintiff, Hitt, worked remotely from his home in Belmont, NC and reported to Beckman's Headquarters in California.

8. Defendant is an employer as defined by the all laws under which this action is brought and employs the requisite number of employees.

9. Plaintiff has complied with all statutory prerequisites to filing this action.

10. On or about July 31, 2024, Plaintiff filed a claim with the Equal Employment Opportunity Commission (hereinafter the "EEOC"), against Defendant, satisfying the requirements of 42 U.S.C. § 2000e-5(b) and (e), based on age and retaliation.

11. Plaintiff's EEOC charge was filed within 180 days after the alleged unlawful employment practices occurred.

12. On or about April 21, 2025 the EEOC issued to Plaintiff a Notice of Right to Sue.

13. This complaint was filed within ninety (90) days of the issuance of the EEOC's Right to Sue letter.

## FACTS

14. James Hitt Jr. was employed by Beckman Coulter Inc. and worked remotely from his home in Belmont, North Carolina.

15. In November 2023, Mr. Hitt was assigned to participate in a company customer trip. Prior to the trip, Michelle Perryman, a Territory Sales Executive, discussed with him to purchase show tickets for employees and customers, for which attendees would reimburse him.

16. To confirm the appropriateness of the purchase, Mr. Hitt reached out to Ms. Janelle Heysek (Director of IT/Workflow), Erin Selin (Director of HR for North American Operations), and Chad Barden (Area Sales Director), none of whom expressed any concern or objection.

17. The customer trip was conducted without incident.

18. Upon returning in December 2023, Mr. Hitt's sales territory was substantially reduced, with a significant portion reassigned to a substantially younger colleague.

19. Mr. Hitt immediately reported his concern of age discrimination to Sean Gerding. Despite this, Beckman took no remedial action and moved forward with the territory reassignment.

20. Subsequently, Beckman initiated an investigation into the ticket purchases made during the November trip, despite Mr. Hitt's prior confirmation with multiple employees.

21. Mr. Hitt communicated his confusion and concern to Ms. Selin, who dismissed his concerns, stating something to the effect of, "we'll get back to you."

22. On January 5, 2024, Beckman terminated Mr. Hitt's employment, citing reasons that were purely pretextual.

23. Mr. Hitt asserts that Beckman Coulter Inc. discriminated against due to his age and retaliated against him for engaging in protected activity, in violation of the Age Discrimination in Employment Act of 1967, 29 U.S.C. §§ 621 et seq.

## Count I: Discrimination under the ADEA

24. Plaintiff re-alleges and adopts, as if fully set forth herein, the allegations stated in Paragraphs 1-23, above.

25. At all times relevant, Plaintiff was over 40 years old.

26. Defendant is prohibited under the ADEA from discriminating against Plaintiff based on her age, with regards to: discharge, employee compensation, promotions, and other terms, conditions, and privileges of employment.

27. Defendant violated the ADEA by unlawfully failing to promote, terminate, and discriminate against Plaintiff due to her age.

28. Plaintiff has been damaged by Defendant's illegal conduct.

## Count II: Retaliation under the ADEA

29. Plaintiff re alleges and adopts, as if fully set forth herein, the allegations raised in paragraphs 1-23, above.

30. Plaintiff engaged in protected activity under the ADEA while employed by Defendant.

31. Defendant's conduct violated the ADEA.

32. Defendant's discriminatory conduct, in violation of the ADEA, has caused Plaintiff to suffer a loss of pay, benefits, and prestige for which Plaintiff is entitled to damages.

33. Defendant's actions have caused Plaintiff to suffer mental and emotional distress, entitling Plaintiff to compensatory damages.

34. Defendant has engaged in discriminatory practices with malice and reckless indifference to Plaintiff's federally protected rights, thereby entitling Plaintiff to punitive damages.

**WHEREFORE**, Plaintiff, requests this Honorable Court:

a.) Enter a judgment requiring Defendant to pay back wages and back benefits found to be due and owing at the time of trial, front-pay, compensatory damages, including emotional distress damages, in an amount to be proved at trial, punitive damages, and prejudgment interest thereon;

b.) Grant Plaintiff her costs and an award of reasonable attorneys' fees (including expert fees); and

c.) Grant Plaintiff any other and further relief as this Court deems just and proper.

## JURY DEMAND

Plaintiff hereby requests a trial by jury on all triable issues herein.

Respectfully Submitted:

**/s/ Gary Martoccio**
Gary Martoccio, Esq.
NC Bar No. 54125
**Martoccio Law Group**
2101 W. Platt St. Suite 200
Tampa, Florida 33606
T: (813) 725-3279
gary@martocciofirm.com

*Counsel for Plaintiff*